IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. JAMES EDWARD SAMUELS, III,  : | |
|     Plaintiff,  : | |
|  : | |
| v.  : | CIVIL ACTION NO. 22-CV-4938 |
|  : | |
| PA. DEPARTMENT OF  : | |
| CORRECTIONS,  : | |
|     Defendant.  : | |

## MEMORANDUM

**BARTLE, J.**                                                                                                  **MARCH  14 , 2023**

      Plaintiff James Edward Samuels, III, a prisoner currently incarcerated at SCI Somerset, filed this civil action against the Pennsylvania Department of Corrections ("DOC"). Samuels seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Samuels leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

      The Complaint is vague and sparse. The only factual allegation therein is that the DOC is "taking away the Eid's from Muslim, means that religious or cultural observances with [sic] no longer come inside these institutions from the outside as paid purchases this effects every religious culture!"[1] (Compl. at 3.) Samuels does not provide any allegations about himself or how he was injured by these events but indicates his intention to bring claims pursuant to 42 U.S.C. § 1983 for violation of the Free Exercise Clause of the First Amendment. (*Id.*) He seeks

---

[1] SCI Somerset, where Samuels is currently incarcerated, is located in the Western District of Pennsylvania. 28 U.S.C. § 118(c). It is unclear from the Complaint whether the events underlying Samuels's claims occurred at SCI Somerset, at another facility within the DOC, or at multiple facilities.

an injunction directing the DOC "to allow all religious services to practice their faiths the way they been practicing them feast are part of the religions!" (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court grants Samuels leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Samuels is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] However, Samuels will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

### III. DISCUSSION

#### A. Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). States and state agencies are not considered "persons" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity for claims under § 1983. *See* 42 Pa. Cons. Stat. § 8521(b). Since the DOC is a department of the Commonwealth, these principles preclude Samuels from bringing a § 1983 claim against it. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). The Court will therefore dismiss Samuels's § 1983 claims against the DOC with prejudice.

#### B. RLUIPA

Liberally construing the Complaint, Samuels could also be understood to bring a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). "Congress enacted RLUIPA . . . 'in order to provide very broad protection for religious liberty.'" *Holt v.*

3

*Hobbs*, 574 U.S. 352, 356 (2015) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 693 (2014)); *see* 42 U.S.C. § 2000cc, *et seq.*  The relevant portion of RLUIPA "states that '[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability,' unless the government demonstrates that the burden is 'in furtherance of a compelling governmental interest" and is 'the least restrictive means of furthering that . . . interest.'" *Washington v. Klem*, 497 F.3d 272, 277 (3d Cir. 2007) (quoting 42 U.S.C. § 2000cc-1(a)).  "For the purposes of RLUIPA, a substantial burden exists where:  1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs."  *Id.* at 280 (capitalization in original).  RLUIPA permits claims for injunctive relief against a state but does not permit claims for damages.  *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver.").

Samuels's Complaint does not allege a plausible RLUIPA claim.  He does not identify a government practice that has imposed a substantial burden upon his ability to exercise his religion.  His Complaint is far too scant on facts to state a plausible claim.  Accordingly, the Court will dismiss Samuels's RLUIPA claim without prejudice to amendment.  *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because

the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Samuels's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Samuels's § 1983 claim against the DOC will be dismissed with prejudice and his RLUIPA claim will be dismissed without prejudice to Samuels filing an amended complaint.  An appropriate Order follows, which provides further instructions in the event Samuels seeks to file an amended complaint.